## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

IN THE MATTER OF THE WARRANT )
FOR ADMINISTRATIVE INSPECTION OF: ) CASE NO. 5:19-mj-00007
)
Main Street Pharmacy )
435 Main Street )
Suite 1 )
Oak Hill, WV 25901 )

### APPLICATION AND AFFIDAVIT
### FOR AN ADMINISTRATIVE INSPECTION WARRANT
### UNDER THE AUTHORITY OF TITLE 21
### UNITED STATES CODE, SECTION 880

**Before the Honorable Omar Aboulhosn,**
**United States Magistrate Judge**
**United States District Court for the Southern District of West Virginia**

The undersigned, being duly sworn, deposes and says:

1. That the affiant, DeAndra Lee, is a duly appointed Diversion Investigator (DI) of the Drug Enforcement Administration (DEA), United States Department of Justice, assigned to the Charleston, West Virginia District Office.

2. That the affiant has been employed with DEA since November 2015, and has been entrusted with regulating, monitoring, and investigating individuals and businesses that have access to and use of Schedule 2, 2N, 3, 3N, 4 and 5 controlled substances.

3. That pursuant to Title 21 United States Code (USC), Sections 878 (a)(2) and 880(b)(1), (2), and (3), as well as Title 28, Code of Federal Regulations (CFR), Subpart R, Section 0.104 and Appendix to Subpart R, Section 3(b), the affiant is authorized to execute administrative inspection warrants for the purpose of inspecting controlled premises of persons and firms registered under the Controlled Substances Act (21 USC 800 et seq.) (the "Act") in order to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under Title 21, USC, Section 827, and Title 21, CFR, Section 1304.01 et seq. That administrative inspections are designed to insure compliance with the Controlled Substances Act and regulations promulgated thereunder.

4. That MAIN STREET PHARMACY is registered under the provisions of the Controlled Substances Act, Title 21, U.S.C., Section 823 et seq., as a Retail Pharmacy and has been assigned DEA registration number BB7129427 in Schedules 2, 2N, 3, 3N, 4 and 5 controlled substances, and is registered with DEA at 435 Main Street, Suite 1, Oak Hill, West Virginia,

25901. That said place of business is a controlled premise within the meaning of Title 21, U.S.C., Section 880(a), and Title 21, C.F.R., Section 1316.02(c).

5. That MAIN STREET PHARMACY is required to keep on the controlled premises complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of by the registrant pursuant to Title 21, U.S.C., Section 827 and Title 21, C.F.R., Section 1304.01 et seq.

6. That based on DEA records and documents obtained by your affiant, MAIN STREET PHARMACY has filled prescriptions for controlled substances written by at least two individual practitioners who (a) were not acting in the usual course of their professional practices at the time the prescriptions were written; and (b) issued the prescriptions for other than legitimate medical purposes. One practitioner was arrested for distribution of a controlled substance, and is a defendant in a criminal action pending before the U.S. District Court for the Southern District of West Virginia. The other practitioner's medical license has been permanently surrendered, pursuant to an investigation and order by the West Virginia Board of Medicine (the Board). Subsequently, this practitioner's DEA registration was retired in DEA records. Under 21 C.F.R. § 1306.04(a), a pharmacist has a corresponding responsibility to exercise professional judgement when making a determination about the legitimacy of a controlled substances prescription, before dispensing the medication.

7. That a United States District Court Judge, or United States Magistrate Judge, upon showing of probable cause, may issue a warrant for the purpose of conducting an administrative inspection. Title 21, U.S.C. Section 880(d). "Probable Cause" is defined by the Controlled Substances Act as "a valid public interest in the effective enforcement of [the Act]." 21 U.S.C. (d)(1). "Probable Cause" in the traditional criminal law sense is not required to support the issuance of an administrative warrant. Marshall v. Barlow's Inc., 436 U.S. 307, 320 (1978); United States v. Lawson, 505 F.Supp. 158, 164 (D.MD.1980). Indeed, the fact that a registrant has never been inspected to insure compliance with compulsory record keeping requirements, is a circumstance that alone is sufficient to justify an administrative warrant. United States v. Goldfine, 538 F.2d 815, 818-819 (9th Cir. 1976); United States v. Prendergast, 585 F.2d 69, 70 (3rd Cir. 1978).

8. That the affiant has examined the files and records of the Drug Enforcement Administration and has determined that MAIN STREET PHARMACY has never been inspected by the DEA.

9. The affiant further represents that the need for the inspection of MAIN STREET PHARMACY and the need for verifying the correctness of inventories, records, reports, and other documents required to be kept under the Act, and the need for verifying the security provisions utilized by the registrant in storing and handling controlled substances, result from a valid public interest in the effective enforcement of the Act and implementing regulations.

10. The affiant further states that the inspection will be conducted within regular business hours (Note: The pharmacy's business hours are believed to be Monday through Friday, from 9:00am to 7:00pm and 10:00am to 3:00pm on Saturday), and that the Investigator's credentials will be

presented to the registrant, and that the inspection will begin as soon as practicable after the issuance of the warrant, and will be completed with reasonable promptness.[1]

11. The affiant further states that the inspection will extend to the inspection and copying of inventories, records, reports, prescriptions, order forms, invoices, and other documents required to be kept, and the inspection of all other records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the Act.

12. The inspection will also extend to the inspection and inventory of stocks of controlled substances, finished or unfinished substances and pertinent equipment associated with the storage and handling of controlled substances, and, if necessary, any applicable records and/or samples of controlled substances will be seized.

13. The affiant will be accompanied by one or more Investigators who are employees of the Attorney General and authorized to conduct administrative inspections.

14. Ten (10) days will be needed to execute and return this warrant. A return will be made to this Magistrate Judge upon completion of the inspection.

15. The affiant further states that she has verified and has knowledge of the facts alleged in this affidavit and that they are true to the best of her knowledge, information and belief.

*[signature]*
DeAndra Lee
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed ~~in my presence~~ on this __25th__ day of February, 2019.
pursuant to Rule 4.1 of the Fed. Rules of Cr. Pro.

*[signature]*
Omar J. Aboulhosn
United States Magistrate Judge

---

[1] Although the Act does not explicitly provide for copying of items listed under 21 U.S.C. § 880(b)(3)(B), the affiant requests that the court authorize the copying (and seizure if necessary for the purpose of copying) such items in order to appropriately verify the records that are required to be kept under 21 U.S.C. § 880(b)(3)(A). Further, if the relevant items are seized, copied and returned in a reasonably prompt fashion, it will allow DEA to more quickly, efficiently, and thoroughly inspect the registered premises, and minimize disruption of the retail pharmacy.